IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LAWRENCE<br>12 Greenfield Drive<br>Milford Center, OH  43045, | : | Case No. 2:21-cv-3597 |
| | : | |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| LIFE INSURANCE COMPANY<br> OF NORTH AMERICA<br>1601 Chestnut Street<br>Philadelphia, PA  19192-2235 | : | Magistrate Judge _____ |
| | : | |
| | : | |
| Defendant. | | |

## **COMPLAINT**

For his Complaint against the Defendant, Life Insurance Company of North America, Plaintiff John Lawrence states as follows:

**Parties**

1.      The Plaintiff, John Lawrence, is a former employee of American Honda Motor Co., Inc. and is a participant in a long-term disability plan (the "Plan") established by Honda under the terms of the Employee Retirement Income Security Act for the purpose, *inter alia*, of providing disability benefits.

2.      The Defendant, Life Insurance Company of North America ("LINA"), is the insurer, under Policy No. FLK-0980014, of the long-term disability benefits at issue in this case. LINA is, therefore, the real party in interest with respect to this claim.

**Jurisdiction and Venue**

3. The Plaintiff's claims arise under ERISA. Jurisdiction is based on 29 U.S.C. § 1132.

4. The Defendant conducts business and administers, in part, its disability benefit plans throughout counties in Southern and Eastern Ohio including, *inter alia*, Franklin County. Under 29 U.S.C. § 1132(e)(2), venue is appropriate in the Eastern Division of the Southern District of Ohio.

**Facts**

5. The Plaintiff, John Lawrence, was employed by American Honda Motor Co., Inc. ("Honda") as a Production Associate.

6. By virtue of his employment with Honda, Lawrence became a participant in the Plan. The Plan provides, *inter alia*, long-term disability income benefits for persons who are disabled, as defined by the Plan.

7. Lawrence was forced to stop working in 2017 due to disability predicated on, *inter alia*, chronic vertigo, dizziness, migraines, anxiety, and depression.

8. Lawrence timely applied to LINA for long-term disability benefits.

9. LINA denied Lawrence's claim on the basis that he was not disabled from working in his "own occupation."

10. Lawrence timely appealed LINA's decision, providing additional evidence of disability.

11. On appeal, LINA reversed its decision, concluded Lawrence was disabled from his own occupation, and awarded Lawrence long-term disability benefits.

12. LINA thereafter paid Lawrence benefits for the duration of the Plan's 24-month "own occupation" period.

13. Near the conclusion of the 24-month "own occupation" period, LINA conducted a review to assess whether Lawrence was disabled from "any occupation."

14. As part of its review, LINA arranged for Lawrence to undergo an "independent medical examination" with Dr. David Garcia, a physician who practices anti-aging medicine.

15. On July 11, 2019, relying on Dr. Garcia's examination, LINA informed Lawrence that his benefits would be terminated effective August 12, 2019, because LINA had concluded that Lawrence was not disabled from "any occupation."

16. Lawrence timely appealed LINA's decision, providing additional evidence of disability.

17. On April 2, 2020, LINA denied Lawrence's appeal.

18. Lawrence timely submitted a second appeal, providing additional evidence of disability.

19. In a letter dated December 29, 2020, LINA informed Lawrence that it had "concluded that an adverse benefit decision on his claim is warranted."

20. That letter further represented that LINA had "reviewed Mr. Lawrence's complete file in its entirety, including all comments, documents, records and other information received during the appeal."

21. In the same letter, LINA disclosed new evidence that it had generated – namely, written reports of two physicians hired by LINA to review Lawrence's medical records, and a transferable skills analysis written by a LINA employee – and offered Lawrence "the opportunity to respond to new evidence and/or rationales . . . before we issue our determination."

22. Lawrence timely responded to LINA's new evidence on January 22, 2021, raising concerns with, *inter alia*, LINA's apparent failure to furnish complete medical records to its file reviewers, numerous factual errors in the written reports of LINA's file reviewers, and flaws with LINA's transferable skills analysis.

23. In a letter dated January 26, 2021, LINA denied Lawrence's appeal.

24. In that letter, LINA informed Lawrence that it did not consider the concerns he raised in his January 22 response because "no new medical or vocational information was provided."

25. Lawrence has exhausted his administrative remedies.

26. Following receipt of LINA's final denial letter, Lawrence's counsel sent a letter to LINA requesting "a complete copy of the administrative record that was compiled during the course of . . . Lawrence's claim and his appeals."

27. In response, LINA furnished a compact disc containing what LINA represented to be Lawrence's claim file.

28. The claim file that LINA furnished was incomplete in that it did not include hundreds of pages of medical records, previous appeal letters and other correspondence Lawrence submitted to LINA, previous file reviews written by consultants that LINA hired, and Dr. Garcia's IME report, among other missing documentation.

29. On April 27, 2021, Lawrence's counsel sent a letter to LINA identifying the missing documentation. That letter requested a complete copy of Lawrence's administrative record or, if LINA was unable to comply with the request, written confirmation explaining why LINA would not furnish the requested information.

30. To date, LINA has not responded to Lawrence's request.

## Count I – For Violation of ERISA

31. The foregoing allegations are incorporated by reference as if fully rewritten herein.

32. Lawrence brings this claim under 29 U.S.C. § 1132(a)(3), against LINA in its capacity as a plan fiduciary, and seeks appropriate equitable relief.

33. Acting under authority delegated to it under ERISA, the Secretary of the United States Department of Labor has promulgated, and from time to time revised, administrative regulations governing how benefit claims, including claims for disability benefits, are to be processed and appealed.

34. Lawrence's long-term disability benefit is a disability benefit under ERISA.

35. LINA's denial of Lawrence's long-term disability claim was an "adverse benefit determination" under ERISA.

36. Under 29 U.S.C. § 1133 and Department of Labor regulations, LINA was required, as a matter of law, to provide Lawrence with a full and fair review of his claim and the adverse benefit determination.

37. Following the adverse benefit determination, Lawrence was entitled, as a matter of law, to request and receive copies of all documents, records, and other information relevant to his claim.

38. After LINA issued its final denial letter, Lawrence requested a complete copy of his claim file.

39. LINA has furnished some, but not all, of the requested information.

40. Following LINA's incomplete production of the requested information, Lawrence renewed his request for a complete copy of his claim file, requesting in the alternative an explanation if LINA could not provide the requested information.

41. LINA has not responded to Lawrence's renewed request.

42. LINA's failure to furnish the requested information constituted a violation of ERISA.

43. By failing to respond to Lawrence's request for information about his claim, LINA has deprived Lawrence of the ability to understand the basis for LINA's decision, including whether, and to what extent, LINA failed to consider relevant evidence.

## Count II – For Long-Term Disability Benefits

44. The foregoing allegations are incorporated by reference as if fully rewritten herein.

45. Lawrence brings this claim under 29 U.S.C. § 1132(a)(1)(B) and seeks payment of long-term disability benefits.

46. Lawrence remains disabled under the Plan and is entitled to long-term disability benefits.

47. LINA's decision suffered from a number of procedural irregularities, including but not limited to the following:

   a. Despite Lawrence having previously submitted medical records dating back to 2017, LINA did not provide its file reviewers with any medical documentation predating February 2020.

   b. Although LINA provided Lawrence an opportunity to respond to the opinions of its file reviewers prior to issuing its final denial, LINA did not consider

6

Lawrence's response and instead merely rubber-stamped its predetermined decision.

c. Although LINA's final denial letter purported to "affirm" its previous decisions, most, if not all, of the evidence that LINA generated and relied upon in making its previous decisions was missing from the claim file LINA furnished to Lawrence's counsel.

d. In addition, the claim file that LINA furnished to Lawrence's counsel was missing hundreds of pages of medical records, previous appeal letters and other correspondence Lawrence submitted to LINA, previous file reviews written by consultants that LINA hired, Dr. Garcia's IME report, and even Lawrence's application for disability benefits, among other relevant evidence.

e. In response to a letter requesting an update on the status of Lawrence's final appeal, LINA advised Lawrence, without explanation, that it had made a "slight change" to Lawrence's incident number, from 4335750 to 4335750-01.

f. Notes in the (incomplete) claim file that LINA furnished to Lawrence's counsel reflect that LINA performed a "Claim Migration" on April 18, 2020.

g. Despite apparently losing a large portion of Lawrence's claim file, LINA never notified Lawrence that it had lost any information or that LINA had otherwise relied on an incomplete record.

h. After Lawrence's counsel notified LINA of the deficiencies in the claim file and renewed Lawrence's request for a complete copy of the claim file, LINA failed to respond.

48. As a result of the procedural irregularities, LINA denied Lawrence a full and fair review of his claim.

49. LINA's decision-making process denied Lawrence due process.

50. In addition to the procedural irregularities, LINA's decision denying Lawrence's claim was further unreasonable because, *inter alia*, LINA disregarded the opinions of Lawrence's medical providers; despite recognizing the need for an in-person medical evaluation to assess Lawrence's complex medical conditions, LINA instead arranged for a cursory examination by a physician with inappropriate training and experience; LINA relied on selective and erroneous file reviews of Lawrence's medical records; and LINA, after inviting Lawrence to comment on its newly generated evidence, merely rubber-stamped its decision without considering Lawrence's comments.

WHEREFORE, the Plaintiff, John Lawrence, demands judgment in his favor and against the Defendant, the Life Insurance Company of North America, as follows:

A. A determination that LINA violated ERISA;

B. An order directing LINA to respond fully and completely to Lawrence's request for an explanation and to produce the missing documents;

C. A determination that Lawrence is disabled and entitled to benefits under the Plan;

D. An award of benefits in the form of a single lump sum representing monthly benefits that Lawrence should have received from the date his benefits were terminated and continuing until the date of judgment;

E.  A further order directing LINA to pay to Lawrence a monthly disability benefit, beginning on the date of judgment and continuing until Lawrence is no longer disabled under the terms of the Plan;

F.  Pre-judgment and post-judgment interest;

G.  Attorney's fees and the costs of this action; and

H.  Such other and further relief as the Court determines to be equitable and just.

                          Respectfully submitted,

                          /s/ Benjamin K.P. Merry
Benjamin K.P. Merry (0099130)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
bmerry@tmerrylaw.com
Attorney for Plaintiff

9